```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

ROSALIE DEROSA,
              Plaintiff,

     v.                           Civil Action No.   04-12523-MEL

BANGOR CITY BUS, ET AL.,
              Defendants

**MEMORANDUM AND ORDER**

    For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

**ALLEGED FACTS**

    On November 29, 2004, plaintiff Rosalie DeRosa filed an Application to Proceed Without Prepayment of Fees, accompanied by a two page handwritten document complaining of personal injuries as a result of an alleged altercation with Defendant bus driver Ken Van Lear, which occurred on March 30, 2002 while she was attempted to board a bus.

    Plaintiff, who apparently is confined to a wheelchair, alleges that she had been in "Shaws" and left there, intending to take the Mt. Hope bus which stopped in front of that store. She asked the bus driver, Defendant Ken Van Lear, to move the

bus so she could use the wheelchair lift. She claims he refused to move the bus, and she had difficulty trying to get on the lift. She claims the driver "went to push me on to the lift, the driver was screaming at me to hurry." She further claims he refused her request for help from another lady on the bus, and that he grabbed her by the left arm and began to punch her in the left arm and breast. Plaintiff then "went hysterical" and demanded to get off of the lift. The driver then "went smashing the wheelchair in the wall" and "went into a rage."

Plaintiff alleges she called the Bangor Bus company and talked to supervisor Joseph McNeil, and he sent a bus to get her and take her to the St. Joseph's Hospital Emergency. She claims she was in severe pain, bleeding internally in the left breast, which was swollen. She was referred to a specialist and was given medication to take. She does not indicate whether her pain or her injuries extended beyond that one hospital visit.

Plaintiff does not allege state the nature of the suit nor the relief she is seeking, although the Civil Cover Sheet accompanying her *pro se* pleading states the action is tort: personal injury. She further states her demand for damages is $10 million dollars.

ANALYSIS

I.  Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

II. Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading

threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).

Here, Plaintiff's complaint fails to establish a basis for subject matter jurisdiction of this Court. Plaintiff herself denotes the case to be grounded in tort, a purely state cause of action. She makes no claims of any civil rights or discrimination which would constitute a federal cause of action which would provide a basis for jurisdiction of this Court.

Even giving an extraordinarily generous view of the complaint by assuming that plaintiff meant to assert federal claims either under Title II of the Americans with Disability Act ("ADA") <u>See</u> 42 U.S.C. § 12132 (prohibiting discrimination on the basis of disability by "public entities" or with respect to services or benefits provided by "public entities"), or a civil rights claim under 42 U.S.C. §1983, the complaint fails to state any arguable claim under those Acts.

In this case, with respect to any ADA claim, plaintiff has not alleged that she is being discriminated against by a "public entity" or denied any benefits or services of a

4

"public entity," as required by the ADA. 42 U.S.C. § 12131 (defining "public entity" as any state or local government or any department or agency thereof).[1] Accordingly any claim under the ADA is subject to dismissal.

Similarly, with respect to any possible civil rights claim under 42 U.S.C. § 1983, any such claim is also subject to dismissal. First, in order to state a claim under §1983, plaintiff must allege (1) that the defendant was acting under color of state law and (2) deprived plaintiff of a right secured by the Constitution and the laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988); Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). In this case, plaintiff has failed to allege state action by the bus company. Second, even if state action were determined to be involved in this case, there is no *respondeat superior* liability under § 1983, and the defendant Bangor Bus company would not, in any event, be liable under § 1983 for any alleged civil rights violations committed by its employees. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95 (1978) (no respondeat superior liability under § 1983).

---

[1] Moreover, plaintiff has not alleged any facts which would suggest that she is a "qualified individual with a disability" as required by the ADA, 42 U.S.C. § 12132.

Moreover, the Plaintiff has failed to establish any basis for diversity jurisdiction pursuant to 28 U.S.C. §1332. Her complaint fails to state the citizenship of the named defendants, and her claims for relief.  It is therefore impossible at this time to determine whether defendants are diverse under §1332(a)(1), and whether there is complete diversity over her state tort/assault and battery claim. Moreover, because Plaintiff provides no bona fide grounds for this Court to find that her damages exceed $75,000, as required by 28 U.S.C. §1331(a) it is impossible to determine at this juncture if she meets the monetary jurisdictional prerequisite for diversity jurisdiction.[2]

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in writing, before that time why it should not be so dismissed.
SO ORDERED.
Dated at Boston, Massachusetts, this 22nd day of December, 2004.

---

[2] Plaintiff also fails to provide information as to the location/city/state of the alleged incident, which may be relevant for venue/forum non conveniens purposes.

<pre>
                          /s/ Morris E. Lasker
                          MORRIS E. LASKER
                          SENIOR,UNITED STATES DISTRICT
JUDGE
</pre>